FLORA SARIEGO WIDOW OF CARMONA, Plaintiff and Appellee, v. JOSÉ F. CARMONA, Defendant and Appellant.

No. AP-64-47.    Decided February 3, 1966.

*José E. Franco Santiago* for appellant. *E. Martínez Rivera* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

In an unlawful detainer action for nonpayment of rent brought by Flora Sariego widow of Carmona against José Francisco Carmona, the District Court, Comerío Part, rendered judgment sustaining the complaint on November 1, 1963. Notice of said judgment was served by mail on the parties on November 12, 1963, although in the notice itself it was stated that on November 1, 1963 copy of said notice had been filed in the record.

Two days later, that is, on November 14, the defendant filed in the District Court, Comerío Part, a motion entitled "Motion for Reconsideration and/or Nullity of Judgment, and/or Motion for New Trial." The 18th of that month the District Court set the hearing of said motion for November 29. On that day the court denied the above-mentioned Motion for Reconsideration and other particulars because it had been filed after the term of 5 days to appeal had elapsed and at the same time amended the judgment extending the time to vacate the premises from 20 to 40 days.

On December 2, 1963, the defendant filed separate appeals before the Superior Court, Caguas Part, from the judgment and from the decision of November 29.

In December 1963, the plaintiff moved for dismissal of the appeal in the Superior Court, Caguas Part, on the ground that it had been untimely filed. After hearing the parties, the Superior Court, Caguas Part, by order of October 13, 1964 which was notified next day, dismissed the appeal for lack of jurisdiction.

On November 13, 1964, the defendant filed in the Superior Court a notice of appeal stating that ". . . feeling aggrieved by the Decision rendered, and by every part thereof, he appeals therefrom before the Supreme Court, since

the aforesaid Decision violates his constitutional rights and is obviously repugnant to law and to the well established rule which has governed and governs this matter for more than 30 years."

We denied plaintiff-appellee's petition to dismiss this appeal for lack of jurisdiction.

■ We agree that in this case the appeal as well as the petition to review the order rendered by the Superior Court are improper because it being a question of a judgment of unlawful detainer rendered by the District Court from which an appeal was taken to the Superior Court, a second appeal or petition for review does not lie since by express provision of law in actions of unlawful detainer not more than one appeal shall be allowed in any case. 32 L.P.R.A. § 2830.

We may, however, consider the notice of appeal as a petition for certiorari for the purpose of considering the case on the merits.

■ ■ The petition for certiorari is proper to review fundamental errors of law committed by the Superior Court in unlawful detainer cases appealed from the District Court. In contradistinction to the remedies of appeal and review the filing in this Court of a petition for certiorari does not stay the proceedings in the Superior Court with respect to the judgment or part thereof from which an appeal or review is sought,[1] unless of course, this Court so orders within the petition for certiorari under the conditions it deems proper to guarantee the rights of a successful plaintiff in actions of unlawful detainer.[2]

Accepting, as the parties do, that the term to take appeal from a judgment rendered by the District Court in an action of unlawful detainer is of 5 days, we must conclude

---

[1] 4 L.P.R.A. § 37.

[2] In this case the defendant posted a bond in favor of plaintiff for the amount of $3,000.

that the defendant appealed on time to the Superior Court, Caguas Part.

■ The term to appeal from the judgment rendered by the District Court began to run on November 12, 1963 and not the first of that month. It must be so for although in the notice of the judgment sent to the parties by the clerk of the District Court on November 12, it was stated that on November 1, 1963, copy of said notice had been filed in the record, it could hardly be possible to file in the record on this latter date copy of a notice which had been served the 12th and not the first.

■ If the term to appeal would have been counted from November 1, 1963, the judgment would have become final and the defendant would have been deprived of his right of appeal. It should be considered that said term for appeal began to run from November 12, 1963. *Cf. Figueroa* v. *Superior Court*, 85 P.R.R. 77 (1962).

■■ Now then, as the defendant moved for the reconsideration of the judgment and other remedies on November 14, 1963, the term to appeal was interrupted on that day and it did not begin to run again until the 29th of that November, date on which the decision of the District Court denying the motion for reconsideration was notified to the parties. *Dávila* v. *Collazo*, 50 P.R.R. 475 (1936).[3]

As the defendant appealed from the judgment to the Superior Court on December 2, 1963, the appeal was filed within the 5 days after the decision denying the motion for

---

[3] We have assumed with the parties that the term to appeal to the Superior Court from a judgment rendered by the District Court in an action of unlawful detainer is of 5 days. In *Andino* v. *Fajardo Sugar Co.*, 82 P.R.R. 81 (1961), we decided that the appeal in a case of unlawful detainer originating in the Superior Court should be filed within a term of 30 days counted from the date on which copy of the notice of judgment was filed in the record. If the same term governs in an appeal taken from the District Court to the Superior Court in an action of unlawful detainer, *quaere*.

reconsideration was rendered and notified, and therefore, at the right time.

The decision of the Superior Court dismissing the appeal for lack of jurisdiction is erroneous and should be reversed.